# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3334 | **DATE** | October 18, 2001 |
| **CASE TITLE** | Florsheim Group, Inc. v. Vila, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [7-1] is denied. The motion to change venue and transfer the case [7-2] is also denied, on the condition noted. ENTER MEMORANDUM OPINION.

(11) X [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| X | Notices mailed by judge's staff. | | OCT 1 9 2001 | | |
| | Notified counsel by telephone. | | date docketed | | 19 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to _____ | | 10/18/01 | | |
| | | | date mailed notice | | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | | |

01-3334.011-MEV                                          October 18, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FLORSHEIM GROUP, INC. f/k/a )
FLORSHEIM SHOE COMPANY,     )
                            )
      Plaintiff,            )
                            )
      v.                    )   No. 01 C 3334
                            )
ROSA ANDREU VILA, JOSE R. VILA, )
ALFRED CHISOLM, and MARIA   )
CHISOLM,                    )
                            )
      Defendants.           )

## MEMORANDUM OPINION

Before the court is the motion of defendants Alfred and Maria Chisolm to dismiss or alternatively, for change of venue and transfer of action. For the reasons state below, the motion is denied.

## BACKGROUND

The following facts were drawn from the plaintiff's complaint, and are taken as true for purposes of deciding this motion. The plaintiff, Florsheim Group, Inc. ("Florsheim"), is a Delaware corporation with its principal place of business in Illinois. The defendants, Rosa Vila, Jose Vila, Alfred Chisolm, and Maria Chisolm, were officers and shareholders of Andreu Chisolm & Sons, Inc., a Florida corporation doing business in Florida as "Town & Country Shoes." In 1992, Town & Country sought to purchase shoes

and related items from Florsheim on credit and on an ongoing basis. To induce Florsheim to agree to this arrangement, the defendants executed an "Unlimited Guarantee," agreeing to pay any amounts due and owing from Town & Country, and agreeing to pay expenses incurred by Forsheim in collecting Town & Country's debt. The Guarantee also provides that it "shall be interpreted under the laws of the State of Illinois, and the undersigned Guarantors consent to the jurisdiction of the courts of the State of Illinois in any action brought to enforce this Guarantee." The defendants executed the Guarantee in February of 1992.

For eight years, Florsheim provided merchandise to Town & Country on credit. However, in July of 2000, Town & Country filed a Chapter 11 bankruptcy petition. At that time, Town & Country owed Florsheim $157,760.01 for merchandise Town & Country accepted between February 27, 1998 and August 9, 2000. In April of 2001, Florsheim sent demand letters to each defendant, requesting payment in the amount of $157,760.01 pursuant to the Guarantee. When the defendants did not make payment, plaintiff filed this lawsuit alleging breach of guarantee against all four defendants.

Defendants Maria Andreu Vila and Jose Vila failed to answer the complaint, and on July 7, 2001 this court entered a default judgment against them in the amount of $157,760.01. Defendants Alfred and Maria Chisolm filed this motion to dismiss the complaint on the ground that venue is improper. In the alternative, the

defendants move for a change of venue and to transfer this case to the United States District Court for the Southern District of Florida.

**ANALYSIS**

I. **Dismissal or Transfer Under 28 U.S.C. § 1406(a)**

The Chisolms argue that venue is improper, and dismissal or transfer should be granted under 28 U.S.C. § 1406(a). We disagree. Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Chisolms signed a consent "to jurisdiction in the courts of the State of Illinois."[1] The federal district court located in Chicago, Illinois and sitting in diversity is an Illinois court. See Lind-Waldock & Co. v. Klaila, No. 87 C 5680, 1998 WL 23798 at *1-2 (N.D. Ill. March 4, 1988) (refusing to dismiss for improper venue where the defendants consented to personal jurisdiction "in the courts of the State of Illinois"). A consent to jurisdiction operates as a consent to venue, as well, and precludes a motion to transfer for improper venue under 28 U.S.C. § 1406(a). Heller Fin., Inc. v.

---

[1] Subject matter jurisdiction is a restriction on federal power that cannot be waived. By contrast, personal jurisdiction is "a legal right protecting the individual," which the defendant can waive. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-04 (1982) (noting that "parties to a contract can agree in advance to submit to the jurisdiction of a given court").

Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1128 (N.D. Ill. 1989).

The Chisolm defendants' motion to dismiss or transfer pursuant to Section 1406(a) is denied.

## II. Transfer Under 28 U.S.C. § 1404(a)

The defendants also argue that we should transfer this case to the Southern District of Florida for the convenience of the parties and witnesses. Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The plaintiff does not argue that jurisdiction is lacking or venue is improper in the Southern District of Florida.

It may be appropriate to transfer a case under section 1404(a) despite the fact that the defendants consented to jurisdiction in this court. See Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1128 (N.D. Ill. 1989). This is so because while a party may waive its

> right to assert his own inconvenience as a reason to transfer a case, [the] district courts still must consider whether the 'interest[s] of justice' or the 'convenience of ... witnesses' require transferring a case.

Heller Fin. Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing cases). The moving party bears the burden of establishing that transfer is justified. A.P.T., Inc. v. Quad

Envtl. Tech. Corp., Inc., 698 F. Supp. 718, 722 (N.D. Ill. 1998).

### A. **Convenience**

The Chisolms argue that the plaintiff can better afford to litigate in Florida than they can in Illinois. However, by signing the Guarantee, the Chisolms waived the right to assert their own inconvenience as a reason to transfer the case. See Midwhey Powder Co., 883 F.2d at 1293. In any event, they failed to present any evidence to support this argument.

The Chisolms also argue that the Southern District of Florida is more convenient for their nine non-party witnesses, all of whom reside in Florida. However, the expected testimony of the Chisolms' witnesses appears likely to be cumulative. For example, at least three witnesses will testify about "payments made"; six will testify about "merchandise that was returned"; three will testify as to "credit that was and was not received for damaged merchandise." See Affidavit of Alfred Chisolm. Based on our review of the witnesses' expected testimony, it appears that only three or maybe four of the Chisolms' nine identified witnesses would offer non-cumulative testimony. See Central States v. Kurtz Gravel Co., No. 98 C 2174, 1998 WL 684216 at *2 (N.D. Ill. Sept. 18, 1998) (cutting defendant's witness list in half because the testimony would be cumulative). The convenience gained for the Chisolms' witnesses would be gained at the expense of Florsheim's three

witnesses.[2] See <u>Midwhey Powder, Co.</u>, 883 F.2d at 1293 (stating that the district court was not required to transfer a case where the inconvenience to defendant's witnesses would simply be transferred to plaintiff's witnesses). The defendants have not established that it would be significantly more convenient for the defendants to litigate in Illinois than it would be for Florsheim to litigate in Florida. See <u>Central States</u>, 1998 WL 684216 at *3 (refusing to transfer where the defendant had six witnesses compared to plaintiff's four).

We find that neither the convenience of the parties nor the witnesses justifies transferring the case to the Southern District of Florida. <u>Id.</u>

### B. **Interests of Justice**

"The 'interests of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." <u>Midwhey Powder Co.</u>, 883 F.2d at 1293. The parties do not argue that there are any other cases related to this dispute either in Illinois or Florida.

---

[2] The Chisolms point out that the plaintiff failed to specify what testimony its three witnesses were expected to give. It is true that the plaintiff only describes the witnesses' position in the company and states that these witnesses have knowledge of the facts at issue in this case. Nevertheless, it is appropriate to assume the plaintiff will call <u>some</u> witnesses, and the three it has identified reside in Illinois. We do not believe, and the Chisolms do not argue, that we should ignore the plaintiff's witnesses because of the deficiencies in the plaintiff's presentation.

The Chisolms argue that the interests of justice will be served by transferring this case because their witnesses are beyond the reach of process of this court. In other words, they will not be able to present their case or receive a fair trial in Illinois.[3/] The Chisolms identify two groups of witnesses: seven former employees of Town & Country[4/] and two current employees of the plaintiff. As to the former employees of Town & Country, only two or three would offer non-cumulative testimony. See infra II.A. The Chisolms have neither argued nor offered any reason to believe that these witnesses would refuse to appear voluntarily. See Central States, 1998 WL 684216 at *2 (noting that the defendant did not allege out-of-state witnesses would be unwilling to testify); cf. Riverdale Auto Parts, Inc., 713 F. Supp. at 1130 (observing that the employees of a third party might be unwilling to testify voluntarily in the matter due to the potential liability of their employer). Moreover, the plaintiff has also identified as witnesses two former officers of Florsheim, both of whom reside in Illinois

---

[3/]The defendants also argue that transfer is appropriate because access to proof will be easier in Florida than in Illinois. The Chisolms do not identify any documentary evidence in Florida; instead, they focus exclusively on their witnesses in Florida. The plaintiff, by contrast, produces evidence that all payments, and records of payment and credit extended to Town & Country are located in Illinois. At least as far as documentary evidence is concerned, access to proof is easier in Illinois. We concede, however, that in this era of easy duplication of documents, the location of original documents would rarely be a major factor in determination of relative convenience.

[4/]It is not altogether clear whether Town & Country continues to operate. The affidavits clearly describe some witnesses as former employees (i.e. "was President"), but others are described simply by their title (i.e "General Manager"). For purposes of deciding this motion, we will assume these individuals are former employees.

and would not be amenable to process in Florida. The interests of justice would not be advanced simply by shifting the defendants' problem onto the plaintiff.

As to the present employees of Florsheim, we may order Florsheim to make its Florida employees available to testify at trial here in Chicago. See A.P.T., Inc., 698 F. Supp. at 724 (N.D. Ill. 1998) (conditioning transfer on defendant making its Illinois employees available for trial in California where plaintiff needed those employees as witnesses). This accommodates the defendants' concerns while preserving the plaintiff's choice of forum.

Next, the Chisolms argue Florida has an interest in resolving this dispute because the contacts and communications between the parties occurred principally in Florida. Alfred Chisolm states in an affidavit that "[t]o the limited extent I individually had dealings with Plaintiff, all of the dealings took place in Miami-Dade County, Florida." Maria Chisolm's affidavit is identical and further states that "[w]hen there were sales meetings with Plaintiff or other contacts regarding the stores, the meetings and contacts occurred in Miami." Although it is clear that some of the contacts occurred in Florida, the Chisolms' affidavits are vague as to how extensive those contacts were. The plaintiff produces the affidavit of Larry Solomon, who states that Town & Country sent payments to Florsheim in Chicago; that Florsheim maintained and managed Town & Country's credit records in Chicago; that Florsheim

evaluated Town & Country's request for inventory in Chicago; and that the defendants were required under the Guarantee to remit payment to Florsheim in Chicago. Neither party introduces evidence as to where the Guarantee was negotiated or executed.

Illinois' contacts with the subject matter of the dispute are not overwhelming, but are significant. Moreover, Illinois has as strong an interest as Florida in resolving a dispute involving its residents. See Truserve Corp. v. Neff, 6 F. Supp.2d 790, 794 (N.D. Ill. 1998) (noting that Pennsylvania court had a strong interest in hearing a claim involving its residents).

We conclude that transfer is inappropriate here. The parties consented to the jurisdiction of this court, and Florsheim's choice of forum is certainly entitled to some weight. See Midwhey Powder, Co., 883 F.2d at 1294. The defendants' argument that it is inconvenient or unfair to try the case in this district fails because transfer would only shift any inconvenience and unfairness to the plaintiff. We will, however, condition our ruling on the requirement that Florsheim make available for trial in Illinois its Florida employees that defendants can demonstrate they genuinely need as live witnesses.

**CONCLUSION**

The motion to dismiss is denied. The motion to change venue and transfer the case is also denied, on the condition noted above.

Date:   October 18, 2001

ENTER:  _____
        John F. Grady, United States District Judge